UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SUZANNE BARNES,

              Plaintiff,

        v.

NYU WINTHROP LANGONE HOSPITAL,

              Defendant.
----------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
24-CV-6875-SJB-ST

**BULSARA, United States District Judge:**

Pending before the Court is Defendant NYU Winthrop Langone Hospital's

("NYU Winthrop") motion to amend its answer to add a statute of limitations defense,

and accompanying motion for judgment on the pleadings based on that defense.  NYU

Winthrop seeks to dismiss as untimely the Complaint filed by Plaintiff Suzanne Barnes,

who asserts a claim of religious discrimination under the New York State Human

Rights Law ("NYSHRL").  For the reasons explained below, the motions are granted,

and Barnes's NYSHRL claim is dismissed with prejudice.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Barnes filed her Complaint in federal court on September 29, 2024.  (Compl., Dkt.

No. 1).  She alleges that she was employed by NYU Winthrop as a medical coder and

had been working remotely since 2018.  (*Id.* ¶ 4).[1]  On September 27, 2021, NYU

---

[1] For the purpose of the Rule 12(c) motion, the Court is required to "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor."  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) (quotation omitted).  The Court "therefore recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the court, as we have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Winthrop implemented a mandatory COVID-19 vaccination policy, and Barnes alleges she received a memo on September 8, 2021 indicating that there would be no religious exemptions.  (*Id.* ¶ 24).  Nonetheless, Barnes expressed her religious objections, which she alleges were quickly denied, and she was terminated on September 29, 2021.  (*Id.* ¶¶ 25–27).  Barnes brings a single claim for failure to accommodate her religious beliefs under the NYSHRL.  (*Id.* ¶¶ 40–84).

After Barnes filed her Complaint, the Clerk issued a notice that no summons was provided and directed Barnes to submit a proposed summons.  (Order dated Oct. 2, 2024).  Barnes eventually did so, but not until almost two months later, on November 26, 2024.  (Proposed Summons, Dkt. No. 6).  The Clerk issued a summons—a standard federal court summons issued in this district—the following day.  (Summons Issued dated Nov. 27, 2024, Dkt. No. 7).  NYU Winthrop was served on December 17, 2024.  (Aff. of Service filed Dec. 18, 2024, Dkt. No. 8).[2]

On June 25, 2025, NYU Winthrop requested a premotion conference ("PMC"), seeking to amend its answer and move for judgment on the pleadings, (Def.'s Mot. for PMC, Dkt. No. 19), which Barnes opposed, (Pl.'s Opp'n to Def.'s Mot. for PMC dated July 2, 2025, Dkt. No. 20).  The Court concluded a premotion conference was unnecessary, and directed the parties to brief NYU Winthrop's consolidated motion to amend and motion for judgment on the pleadings.  (Order dated July 7, 2025).

---

[2] This case was transferred to the undersigned from the Honorable Joan M. Azrack on January 15, 2025.

DISCUSSION

## I.   Motion to Amend

Rule 15 provides that leave to amend should be "freely give[n]."  Fed. R. Civ. P. 15(a)(2).  "Nonetheless, such leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  *Yerkyn v. Yakovlevich*, 164 F.4th 224, 227 (2d Cir. 2026) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)).[3]

NYU Winthrop seeks leave to amend its Answer to add an affirmative defense— that Barnes's NYSHRL claim is barred by the statute of limitations.  (Def.'s Mot. to Amend & Mot. for J. on the Pleadings dated July 28, 2025 ("Def.'s Mot."), Dkt. No. 24-1 at 1, 5–9).  Barnes offers no response, aside from a cursory assertion that "[l]eave to [a]mend should also be denied because the 'proposed amendment' is clearly frivolous and legally insufficient on its face."  (Pl.'s Opp'n to Def.'s Mot. dated Aug. 25, 2025 ("Pl.'s Opp'n"), Dkt. No. 24-4 at 11).  This conclusory assertion provides no basis on which to deny the motion, when leave should be freely given.  Because Barnes fails to identify any reason the Court should deny leave, the motion to amend is granted.  The Court deems NYU Winthrop's Answer amended to include a defense that Barnes's Complaint is time barred by the applicable statute of limitations, (*see* Proposed Am.

---

[3] Rule 15 governs the motion to amend, as opposed to Rule 16, because NYU Winthrop sought leave prior to the July 18, 2025 deadline for motions to join new parties or amend pleadings, (*see* Order dated June 3, 2025), by filing a PMC letter on June 25, 2025.  *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("The period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted.").

3

Answer filed Sep. 9, 2025, Dkt. No. 24-3 at 9), and proceeds to assess NYU Winthrop's motion for judgment on the pleadings.

## II. Motion for Judgment on the Pleadings

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Richardson v. Townsquare Media, Inc.*, 174 F.4th 299, 305 (2d Cir. 2026) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

This pleading requirement "does not impose a probability standard at the motion-to-dismiss stage." *Mosaic Health, Inc. v. Sanofi-Aventis U.S., LLC*, 156 F.4th 68, 77 (2d Cir. 2025) (noting that plausibility does not equate to probability). And "where a question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings." *Lively*, 6 F.4th at 301 (quotation omitted). "[A] court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations." *Id.* at 302; *Mosaic Health, Inc.*, 156 F.4th at 77 ("[O]n a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." (quotations omitted)).

"The lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025) (quotation omitted). "In diversity cases, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (quotation omitted); *Brady v. IGS Realty Co. L.P.*, No. 20-3512, 2021 WL 4302737, at *2 (2d Cir. Sep. 22, 2021) ("When plaintiffs bring state-law claims in federal court, 'the timeliness of those claims is also a matter of state law.'" (quoting *Conn. Gen. Life Ins. Co.*

*v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 136 (2d Cir. 2021))).  The NYSHRL contains a three-year statute of limitations.  *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 260 (2d Cir. 2023) ("Under the NYSHRL, claims must be filed within three years of the adverse employment action.").

The parties do not dispute that this is a diversity case in which the Court must apply New York's three-year statute of limitations.  (*See* Pl.'s Opp'n at 4; Def.'s Mot. at 10).  Nor do the parties dispute the date on which Barnes's claim accrued; that date is September 29, 2021.  (*See* Pl.'s Opp'n at 4; Def.'s Mot. at 2).  The Complaint was filed exactly three years later, on September 29, 2024.  Though it is possible to do so, *see* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk[.]"), Barnes did not seek a summons the same day she filed the Complaint.

The dispute in this case centers on what it means to "commence" an action under New York law, and whether Barnes's delay in seeking a summons means that she failed to "commence" this lawsuit prior to the expiration of the statute of limitations.  This Court recently addressed the same question in *Barnickle v. Mather Hospital*, No. 24-CV-6953, 2026 WL 279828 (E.D.N.Y. Feb. 3, 2026), *appeal docketed*, No. 26-458 (2d Cir. Feb. 27, 2026).  In *Barnickle*, the plaintiff filed his complaint asserting a single claim for religious discrimination under NYSHRL exactly three years after he was terminated from his employment, but did not seek a summons until nearly two months later.  *Id.* at *1.  The Court held the plaintiff's failure to file a summons before the limitations period required dismissal.  *Id.* at *5.  Because there are no material differences between the facts presented here, and the facts presented in *Barnickle*, the Court adheres to that decision.

6

Barnes contends that she satisfied the statute of limitations because Rule 3 of the Federal Rules of Civil Procedure, as opposed to New York law, governs when this diversity action was "commenced." (Pl.'s Opp'n at 4). Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. New York law, on the other hand, "stops the statute of limitations clock 'when the claim is interposed.'" *Barnickle*, 2026 WL 279828, at *2 (quoting N.Y. C.P.L.R. § 203(a)). "If a case is initiated by filing, as it was here, the claim is interposed when 'the action is commenced.'" *Id.* (quoting N.Y. C.P.L.R. § 203(c)). "An action is commenced by filing a summons and complaint or summons with notice in accordance with [Rule 2102]." *Id.* (quoting N.Y. C.P.L.R. § 304(a)).

Barnes contends, without explanation, that New York's summons requirement is a procedural rule, not a substantive one, so it does not apply in a federal diversity action. (Pl.'s Opp'n at 4). As this Court explained in *Barnickle*:

> "Procedure is the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them, while substantive law is the law that governs the rights and obligations of individuals within a given jurisdiction." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 894 (2d Cir. 2019) (quotation omitted). As every law student can attest, the *Erie* doctrine "stands for the proposition that, as a general matter, a federal district court sitting in diversity jurisdiction must apply the *substantive* law of the state in which it sits." *Id.* at 893 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also Berk v. Choy*, 607 U.S. ––, No. 24-440, 2026 WL 135974, at *3 (Jan. 20, 2026) ("The Rules of Decision Act directs federal courts to apply state substantive law, leaving federal law to cover the rest."). "Following that direction is harder than it looks, because determining whether a state law is substantive requires a court to enter '*Erie*'s murky waters.'" *Berk*, 2026 WL 135974, at *3 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). "Where state and federal law are in conflict," a Court must "reconcile those principles by asking whether the federal law or rule 'regulate[s] matters rationally capable of classification as

7

procedure.'"  *Pappas*, 915 F.3d at 894 (quoting *Shady Grove*, 559 U.S. at 406); *see also Berk*, 2026 WL 135974, at *6.  The Court must also then consider "whether disregarding the law that would control in state court would significantly affect the result of the litigation in federal court."  *Pappas,* 915 F.3d at 894.  And that inquiry must be done in the context of "the twin aims" of *Erie*: "discouragement of forum-shopping and avoidance of inequitable administration of the laws."  *Id.* (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

*Barnickle*, 2026 WL 279828, at *2.  The analysis is slightly different when the

federal law in question is an applicable Federal Rule of Civil Procedure:

> [W]hen the federal law in question is an applicable Federal Rule of Civil Procedure—the Court must first analyze "whether [the] Federal Rule displaces state law."  *Berk*, 2026 WL 135974, at *3.  "[W]hen a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether.  That is because the Rules of Decision Act dictates that state substantive law must yield if the Constitution, a treaty, or a statute 'otherwise require[s] or provide[s].'"  *Id.* (quotation omitted).  The heart of the analysis is whether the Federal Rule "answers the question in dispute."  *Id.* (quoting *Shady Grove*, 559 U.S. at 398) (explaining that if it does, the Federal Rule governs, so long as the Rule is valid under the Rules Enabling Act).
>
> A different *Erie* analysis applies when there is no direct conflict between the laws.  *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980) ("Since there is no direct conflict between the Federal Rule and the state law, the *Hanna* analysis does not apply.  Instead, the policies behind *Erie* and *Ragan* control the issue whether, in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction."); *see also Morse v. Elmira Country Club*, 752 F.2d 35, 38 (2d Cir. 1984) (interpreting *Walker*).

*Id.* at *3.  There is no direct conflict between a Federal Rule of Civil Procedure and state

law here.  Rule 3—which provides that that "[a] civil action is commenced by filing a

complaint with the court"—does not answer the same question as New York law:

"when does an action commence for statute of limitations purposes?"  *Id.*  "Despite its

8

title, 'Commencing an Action,' Rule 3 does not answer that question.  Rule 3 does not define commencement in the context of statutes of limitations."  *Id.*

In the absence of a direct conflict between a Federal Rule of Civil Procedure and state law, state law applies.  As explained in *Barnickle*, the Supreme Court's decisions in *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (1949) and *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) are instructive:

> In *Ragan*, the plaintiff initiated his federal lawsuit alleging a state tort claim by filing a complaint.  Then, the clerk issued a summons, and the defendant was served a few months later.  But between the filing of the complaint and service of the defendant, the two-year statute of limitations under Kansas law had expired.  Kansas law specified that a lawsuit started only upon service of the summons: "[a]n action shall be deemed commenced . . . at the date of the summons which is served on [the defendant]."  Applying *Erie* and *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945), the Supreme Court noted that "if the present case were in a Kansas court it would be barred."  And, because the service requirement was "an integral part of the Kansas statute of limitations," the Supreme Court held that complying only with federal law requirements for commencing a case—filing a complaint but not serving—did not pause the limitations period.  A federal court could not give a state law claim "longer life in the federal court than it would have had in the state court without adding something to the cause of action." "This holding indicates that when the claim asserted in the federal court is based on a right created by state law, provisions of the state statute of limitations as to how the action is commenced, rather than Rule 3, control in the federal court."
>
> . . . . In *Walker*, the Court affirmed *Ragan*, found it indistinguishable, and came to the same conclusion.  As in *Ragan*, the statute of limitations lapsed between the filing of the complaint and service on the defendant, and the relevant Oklahoma law "[did] not deem the action 'commenced' for purposes of the statute of limitations until service of the summons on the defendant."  Noting that "Rule 3 simply states that '[a] civil action is commenced by filing a complaint with the court,'" it found "no indication that the Rule was intended to toll a state statute of limitations."

*Barnickle*, 2026 WL 279828, at *3–*4 (citations omitted).

Barnes attempts to distinguish *Walker* because *Walker* dealt with a service requirement, and New York law has no service requirement.  (Pl.'s Opp'n at 7).  But *Walker*'s reasoning is not cabined to service requirements.  Barnes offers no explanation as to why *Walker* would not apply to the summons requirement at issue here—which equally affects the state statute of limitations.  As the Supreme Court explained in *Walker*:

> We rejected the argument that Rule 3 of the Federal Rules of Civil Procedure governed the manner in which an action was commenced in federal court for purposes of tolling the state statute of limitations. . . . Rule 3 simply states that "[a] civil action is commenced by filing a complaint with the court."  There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations.  In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.

*Walker*, 446 U.S. at 746, 750–51 (quoting Fed. R. Civ. P. 3).  Barnes asks the Court to apply Rule 3 in a manner that directly affects the state statute of limitations.  Had Barnes brought this action in state court, it would be time barred based upon her failure to file a summons within the limitations period.  Barnes cannot rely on Rule 3 to bring a claim in federal court that would be time barred in state court—that is precisely what *Walker* forecloses.

It is true that *Walker* and *Ragan* "were premised on a finding that the contested requirement was an 'integral' part of the relevant state limitations period."  *Barnickle*, 2026 WL 279828, at *4.  But Barnes sets forth no argument that New York's summons requirement is not an integral part of the statute of limitations.  And as the Court explained in *Barnickle*, "decisions by the New York Court of Appeals reveal that the

filing of a summons is indeed an integral component of the commencement rule, and by implication, the limitations period."  2026 WL 279828, at *5 (citing *Goldenberg v. Westchester Cnty. Health Care Corp.*, 16 N.Y.3d 323, 326, 328 (2011); *Gershel v. Porr*, 89 N.Y.2d 327, 330 (1996), *superseded by statute on other grounds*, N.Y. C.P.L.R. § 2001, *as recognized in*, *Ruffin v. Lion Corp.*, 15 N.Y.3d 578, 581 (2010)).  "Thus, the filing of the complaint *and* summons—the complete set of 'initiatory papers,'—is an essential component of the New York state requirement."  *Id.* (quoting *Gershel*, 89 N.Y.2d at 330).  It is not "merely formal[] or negligibl[e]," because "failure to file a summons 'would completely bar recovery in [the] suit if brought,' in New York state court."  *Id.* (quoting *Walker*, 446 U.S. at 745).

Accordingly, here, as in *Barnickle*, the Court must apply the summons requirement in determining whether Barnes commenced her case before the limitations period.  The fact that Barnes complied with Rule 3 is of no moment for statute of limitations purposes—"compliance with Rule 3 means only that [Barnes] 'commenced' an action *in* federal court, not that [s]he 'commenced' it *under* state law."  *Barnickle*, 2026 WL 279828, at *4.  There is no dispute that Barnes failed to file any summons before the limitations period—as required to commence an action under New York law.  Barnes did not even request a summons until November 26, 2024, (Proposed Summons, Dkt. No. 6), nearly two months after the limitations period expired.  A question not presented here is whether a federal court summons—if filed within the statute of limitations period—would satisfy New York's summons commencement requirement (presumably it would, because in federal court no one, as this Court can see, is required

11

to file both a state and federal summons to litigate state law claims in federal court). Here, assuming that the federal summons was sufficient, Barnes—by not requesting a summons from the Clerk's Office until it was too late—began her lawsuit nearly two months after the limitations period expired.  Her case, therefore, must be dismissed, with prejudice.

CONCLUSION

For the reasons explained above, NYU Winthrop's motion to amend and motion for judgment on the pleadings are granted, and Barnes's Complaint is dismissed with prejudice.  Because amendment cannot cure the statute of limitations defect, leave to amend is denied.  *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.").  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  June 22, 2026
          Central Islip, New York